05    912

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION             2005 NOV -1  PM 3: 27

CASE NO.: 05-22262-CIV- MARTINEZ/BANDSTRA

CLERK U.S. DIST CT
S.D. OF FL. - MIA

NATHANIEL SCHWARTZ,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.

INTEL CORPORATION, a Delaware
Corporation

    Defendant.



RECEIVED
JAN 9 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**AGREED MOTION TO STAY ACTION
AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff NATHANIEL SCHWARTZ and Defendant INTEL CORPORATION respectfully request that this Court stay the above-styled action upon the following grounds:

1.    Plaintiff filed this action on or about August 16, 2005. This action is one of 72 related purported class actions ("Related Actions") filed in, or removed to, multiple federal courts against Intel over the last four months.[1]

2.    On July 14, 2005, the plaintiff in *Brauch et al. v. Intel Corp.*, No., 3:05-cv-02743 (MP) (N.D. Cal.), one of these Related Actions, petitioned the Judicial Panel on

---

[1]    *See* Declaration of Gregory F. Wells ("Wells Declaration"), filed concurrently with this Motion, ¶ 3 and Tab A, List of Related Actions. Each of these related actions is an indirect purchaser complaint based on the action brought by AMD against Intel in the United States District Court for the District of Delaware in June 2005. *Advanced Micro Devices, Inc. v. Intel Corporation*, 1:05-cv-00441-JJF (D. Del.)

MIA\157625.2
DCDOCS/638381.1

Multidistrict Litigation ("JPML") to have the Related Actions consolidated for pretrial purposes pursuant to 28 U.S.C. § 1407, as part of MDL 1717, *In re Intel Microprocessor Antitrust Litigation*.[2] On September 16, 2005, Intel identified this action as a tag-along action to be included in the MDL.[3] The JPML heard arguments on the transfer petition on September 29, 2005.[4] Based on recent experience, the JPML should decide the MDL Petition shortly.[5] Indeed, within the past week the JPML has decided two of the other MDL petitions that it considered during its September 29, 2005 session.

4. As part of the inherent power to control its docket, this Court has discretion to stay proceedings pending before it. *Four Seasons Hotels & Resorts, B.V. v. Consorcia Barr S.A.*, 377 F.3d 1164, 1172 & n.7 (11th Cir. 2004); *Lisa, S.A. v. Mayorga*, 232 F. Supp. 2d 1325, 1326-27 (S.D. Fla. 2002). A stay would both advance judicial economy and conserve resources. The Parties desire to have this action proceed in parallel with the other Related Actions, and a stay is the most efficient vehicle to attain that shared objective. Further, allowing this matter to proceed on a separate track from the other Related Actions increases the risk of duplicative proceedings and inconsistent

---

[2] *See* Wells Declaration ¶ 5. The districts suggested to the JPML as the potential MDL courts are: (1) the District of Delaware; (2) the Southern District of California; and (3) the Northern District of California. This District has not been mentioned as a possible venue by any of the parties in the actions subject to the MDL 1717 Petition. *See id.*

[3] *See* Wells Declaration ¶ 6.

[4] For example, this Court's August 18, 2005 Order contemplates that the Court and the parties will engage in scheduling and discovery activities that will have to be repeated when this case is transferred and consolidated.

[5] For example, the JPML heard arguments on ten MDL petitions during its July 28, 2005 session; it decided nine of those petitions within one month. The tenth petition, which involved merging four existing MDLs, was decided in six weeks. *See* <http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls.html>.

rulings, orders, and judgments. These are exactly the sort of risks that the MDL procedure aims to eliminate. *Republic of Venezuela v. Philip Morris Cos.*, No. 99-0586-Civ., 1999 WL 33911677, at *1 (S.D. Fla. April 28, 1999) (finding cause for a stay pending decision by JPML on motion to transfer).

5. A proposed Agreed Order is attached for the Court's consideration.

Dated: October 31, 2005

HARKE & CLASBY LLP

_____
Lance A. Harke, P.A.
(Fla. Bar No. 863599)
Howard M. Bushman
(Fla. Bar No. 0364230)
155 South Miami Avenue
Suite 600
Miami, FL 33130
Phone:    (305) 536-8220
Facsimile: (305) 536-8229

HAGENS BERMAN SOBOL
SHAPIRO LLP
Steve W. Berman
Anthony D. Shapiro
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594


Attorneys for Plaintiff
NATHANIEL SCHWARTZ

DUANE MORRIS LLP

_____
Harvey W. Gurland, Jr., P.A.
(Fla. Bar No. 284033)
200 South Biscayne Boulevard, 34th Floor
Miami, FL 33131
Telephone: (305) 960-2200
Facsimile:   (305) 960-2201

BINGHAM McCUTCHEN LLP
David M. Balabanian
Christopher B. Hockett
Joy K. Fuyuno
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile:  (415) 393-2286

Richard A. Ripley
1120 20th Street, N.W.
Suite 800
Washington, DC 20036
Telephone: (202) 778-6101
Facsimile: (202) 393-6929

Attorneys for Defendant
INTEL CORPORATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was sent via United States Mail this ___1st___ day of November, 2005, to: Lance A. Harke, P.A., Howard M. Bushman, Esq., Harke & Clasby, LLP, 155 South Miami Avenue, Suite 600, Miami, Florida 33130 and Steve W. Berman, Esq., Anthony D. Shapiro, Esq., 1301 Fifth Avenue, Suite 2900, Seattle, Washington 98101.

Harvey W. Gurland, Jr., P.A.